# EXHIBIT 1



**TOM ORLANDO**
Lorain County Clerk of Courts
225 Court Street - First Floor
Elyria, OH 44035-5512



9414 7266 9904 2219 9465 70



US POSTAGE

ZIP 44035 $ 010.16⁰
02 4W
0000383441 MAR 06 2024

RECEIVED

MAR 1 1 2024

SABRINA LEBLANC

24CV211735
COLONIAL PENN LIFE INSURANCE COM
LIFE CLAIMS DEPT
PO BOX 1918
CARMEL        IN 46082

# LORAIN COUNTY COURT OF COMMON PLEAS
## LORAIN COUNTY JUSTICE CENTER
### 225 COURT STREET
### ELYRIA, OHIO 44035

WILLIE JACKSON JR
3815 CLIFTON AVE
LORAIN, OH 44052

CASE NO. 24CV211735

VS.

TO: COLONIAL PENN LIFE INSURANCE COMPANY
LIFE CLAIMS DEPT
PO BOX 1918
CARMEL, IN 46082

# S U M M O N S   O N   C O M P L A I N T

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

WILLIE JACKSON JR
3815 CLIFTON AVE
LORAIN, OH 44052

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

ROBERT J GARGASZ
1670 COOPER FOSTER PARK ROAD
LORAIN, 44053

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it. Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

*TOM ORLANDO*
**CLERK OF COURTS OF COMMON PLEAS**
**LORAIN COUNTY, OHIO**

3/6/2024

BY: _____
Deputy Clerk





FILED
LORAIN COUNTY
2024 MAR - 1:40
COURT OF COMMON PLEAS
TOM ORLANDO, CLK

# IN THE COURT OF COMMON PLEAS
## LORAIN COUNTY, OHIO

Willie Jackson, Jr.
3815 Clifton Ave.
Lorain, OH 44052

**CASE NO.** 24CV211735

**JUDGE:** JUDGE CHRISTOPHER ROTHGERY

Plaintiff,

Complaint

-vs-

[DEMAND FOR A JURY TRIAL]

Colonial Penn Life Insurance Company
Life Claims Dept.
P.O. Box 1918
Carmel, IN 46082-1918
and

Mark Hard dba MDH Resource Group
327 Hidden Hollow Rd.
Kansas, Oklahoma 74347
and

GenFed Financial Credit Union
5320 Oberlin Ave
Lorain, OH 44053

Defendants.

### First Claim

1. Plaintiff Willie Jackson, Jr., at all times relevant, is and was listed as an owner and beneficiary of a life insurance policy PT31792527 issued by defendant Colonial Penn Life Insurance Company.

1

2. A copy of the original policy has been lost but should be in the defendant Colonial Penn Life Insurance Company's possession and records.

3. Priscilla Davis plaintiff's Mother and Willie Jackson, Sr., plaintiff's Father, who along with plaintiff Willie Jackson, Jr., were co-equal owners of this life insurance policy FT31792527 and all contractual rights and benefits of said policy; however, Priscilla Davis and Willie Jackson, Sr. have died, thus leaving their son Willie Jackson, Jr., the plaintiff, as the sole surviving owner and beneficiary of the policy and its proceeds and benefits.

4. On or about 11/08/2023 the policy proceeds of life insurance policy FT31792527 were valued at $42,821.95 while the proceeds were registered with and in the custody of the Ohio Department of Commerce, Division of Unclaimed Funds.

5. Rather than seeking out the surviving beneficiaries and owners of life insurance policy FT31792527 after learning of the death of Priscilla Davis plaintiff's mother and advising of the process and procedure for obtaining policy proceeds, defendant Colonial Penn Life Insurance Company did nothing and after a prolonged period of time deposited said funds then due under the policy with the Ohio Department of Commerce, Division of Unclaimed Funds.

6. Plaintiff asserts that defendant Colonial Penn Life Insurance Company failure of communication to plaintiff of the entitlement and availability of the proceeds of life insurance benefits to plaintiff is a breach of the contract existing between the parties.

7. Plaintiff further asserts that defendant Colonial Penn Life Insurance Company failure of communication to plaintiff of the entitlement and availability of the proceeds of life insurance benefits to plaintiff constitutes the tort of insurance bad faith and is and

2

represents a bad faith" breach of duties owing by an insurer to an owner/beneficiary of a life insurance policy and such failure of the insurer and its breach of duties owing to plaintiff a beneficiary and part owner of the life insurance policy, including its duty of communication and fair, good faith investigation and processing of known claims is a violation of the principles of law established in the Law cited within below.

8. Plaintiff additionally asserts that defendant Colonial Penn Life Insurance Company's decision and conduct in just sending the policy proceeds to the Ohio Department of Commerce, Division of Unclaimed Funds without seeking him out and delivery of notice to him is a breach of contract and constitutes the tort of insurance bad faith established in the Law cited within below.

9. **The Claim for Breach of Contract**

Generally, in order to recover for a breach of contract claim a plaintiff must show "'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff" *Nilavar v. Osborn* (2000), 137 Ohio App.3d 469, 483, quoting *Doner v. Snapp* (1994), 98 Ohio App.3d 597, 600. **"To set forth a claim for breach of contract, a complaining party must prove the following elements by a preponderance of the evidence: (1) that a contract existed; (2) that the complaining party fulfilled its contractual obligations; (3) that the opposing party failed to fulfill its obligations; and (4) that the complaining party incurred damages as a result of this failure."** *H & F Transp., Inc. v. Satin Ride Equine Transport, Inc.,* 9th Dist. No. 06CA0069-M, 2008-Ohio-1004, at ¶18. See also: *Horak v. Nationwide Ins. Co.,* 2007-Ohio-3744, No. CA 23327, citing *Lawrence v. Lorain Cty. Community College* (1998), 127 Ohio App.3d 546, 548-49, 713 N.E.2d 478; "A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach."

3

## 10. The Claim for Insurance Bad Faith

**INSURER'S DUTY TO EXERCISE GOOD FAITH.**
**OSBA Jury Instructions**
**III. INSURANCE LAW**
**B. INSURER'S EXERCISE OF GOOD FAITH**

**INSURER'S DUTY TO EXERCISE GOOD FAITH**

[Defendant insurance company] issued a [fire, automobile, commercial general liability] policy to [plaintiff's name]. [Plaintiff's name] says that [defendant insurance company] failed to act in good faith while investigating and adjusting his claim. [Plaintiff's name] must prove [defendant insurance company]'s lack of good faith by the greater weight of the evidence.

*Staff Builders v. Aetna Life Ins. Co.* (1988), 37 Ohio St.3d 298, 525 N.E.2d 783

Copyright - Ohio State Bar Association Jury Instructions Committee instructions are prepared by the OSBA Jury Instructions Committee independent of the Ohio Judicial Conference Ohio Jury Instructions Committee.

**INSURER'S EXERCISE OF GOOD FAITH - THE DUTY**

An insurance company has the duty to act in good faith in the handling and payment of the claims of [plaintiff's name]. An insurance company fails to act in good faith in the handling of a claim where it acts without reasonable justification. In determining whether [defendant insurance company] acted without reasonable justification, you may consider [Here the judge shall list such of the following as apply, under the law and facts of the case]:

1. the adequacy and thoroughness of the claim investigation;

2. the type of loss and the insured's need for the policy proceeds;

3. the policy's terms, conditions, and exclusions;

4. the timeliness with which the claim was investigated and paid; and

5. whether [defendant insurance company] had an improper motive for investigating or adjusting the claim in the manner in which it was done.

6. [The judge may list such other factors as may be considered according to the law and the facts of the particular case].

*Zoppo v. Homestead Insurance Company* (1994), 71 Ohio St. 3d 552, 644 N.E.2d 397.

**INSURER'S EXERCISE OF GOOD FAITH - PROOF**

If you find that [plaintiff's name] proved that [defendant insurance company] failed to act with reasonable justification, then [defendant insurance company] did not exercise good faith, and your verdict should be for [plaintiff's name]. If you find that [plaintiff's name] did not prove that [defendant insurance company] failed to act with reasonable justification, then your verdict should be for [defendant insurance company].

**INSURER'S EXERCISE OF GOOD FAITH - DAMAGES**

If you find that [defendant insurance company] failed to act in good faith during the investigation or adjustment of this claim, you will determine an amount of money that will fully compensate [plaintiff's name] for any damages that bad faith conduct by [insurance company's name] proximately caused [plaintiff's name] to sustain.

In determining the amount of compensatory damages, you may take into consideration: [here the judge shall list such of the following as apply under the law and facts of the case.]

1. any anxiety, worry, inconvenience, anger, indignity, and mental and emotional distress suffered by the plaintiff;

2. any economic harm suffered by the plaintiff;

3. any loss of plaintiff's credit reputation;

4. The judge may list such other factors as may be considered according to the law and the facts of the particular case.]

You will also determine whether [plaintiff's name] will recover [his, her] attorney fees and expenses in this case. If you determine that [plaintiff's name] should recover attorney fees, I will determine the amount of those fees and expenses at the conclusion of this litigation.

*Zoppo v. Homestead Insurance Company* (1994), 71 Ohio St. 3d 552, 644 N.E.2d 397

*Eastham v. Nationwide Mutual Ins. Co.* (1990), 66 Ohio App.3d 843, 586 N.E.2d 1131

*LeForge v. Nationwide Mutual Fire Ins. Co* (1992), 82 Ohio App.3d 692, 612 N.E 2d 1318

Copyright - Ohio State Bar Association Jury Instructions Committee instructions are prepared by the OSBA Jury Instructions Committee independent of the Ohio Judicial Conference Ohio Jury Instructions Committee.

4

11. Prior to her death Priscilla Davis named her son plaintiff Willie Jackson, Jr. as a beneficiary of life insurance policy FT31792527 as issued by defendant Colonial Penn Life Insurance Company.

12. Defendant Colonial Penn Life Insurance Company was made aware of the death of Priscilla Davis and upon learning of her death it failed to honor the contractual obligations owing to plaintiff Willie Jackson, Jr.

13. In failing to honor the contractual obligations owing to plaintiff Willie Jackson, Jr. defendant Colonial Penn Life Insurance Company breached its contract.

14. In failing to honor the contractual obligations owing to plaintiff Willie Jackson, Jr. defendant Colonial Penn Life Insurance Company committed the tort of insurance bad faith.

15. In failing to honor the contractual obligations owing to plaintiff Willie Jackson, Jr. defendant Colonial Penn Life Insurance Company by its behaviors and conduct breached all contractual and fiduciary duties owing to Plaintiff Willie Jackson, Jr.

16. Colonial Penn Life Insurance Company has at all relevant and pertinent times acted maliciously and in bad faith toward Plaintiff Willie Jackson, Jr.

17. Colonial Penn Life Insurance Company by such behavior and conduct demonstrates a failure to act in good faith in its practices of beneficiary communication, settlement and adjustment practices and has through its agents practiced bad faith acts toward Plaintiff Willie Jackson, Jr.

18. Plaintiff Willie Jackson, Jr. has been directly and proximately damaged and financially injured by the malicious and outrageous tortious misconduct and conversion of his $42,821.95 policy proceeds.

5

19. Colonial Penn Life Insurance Company by such behavior and conduct of its employees and agents acting in the direct scope and course of their agency and employment of their master acted maliciously, willfully, and in bad faith.

20. Plaintiff Willie Jackson, Jr. has been made to suffer extra-contractual damages directly and proximately caused by defendant Colonial Penn Life Insurance Company and its agents and employees; as such he has been damaged and financially harmed.

21. Defendant Mark Hard dba MBH Resource Group discovered the policy proceeds and was instrumental providing notice to plaintiff of the existence of the policy proceeds deposited with the Ohio Department of Commerce, Division of Unclaimed Funds.

22. Extracontractual damages in this matter include the contractual fee owed to Mark Hard dba MBH Resource Group in an estimated amount of $4,282.20 [ten percent (10%) of the total value of proceeds].

### Second Claim

23. The allegations of plaintiff's First Claim are realleged here as if fully rewritten.

24. Plaintiff Willie Jackson, Jr. in mitigation of his damages caused to him by defendant Colonial Penn Life Insurance Company and its agents and employees, has sought to mitigate his damages by participating in the proposal as made by Mark Hard dba MBH Resource Group to both he and his late Father Willie J. Jackson, (died 12/30/2023); The proposal was based upon the discovery and recovery of funds and partly described in paragraphs 21. and 22. referenced above.

25. Defendant GenFed Financial Credit Union opened an account solely for plaintiff's Father Willie J. Jackson and Father deposited a $42,821.95 check that was made out jointly to Father Willie J. Jackson and plaintiff Willie Jackson, Jr.

6

26. Plaintiff Willie Jackson, Jr. did not endorse the $42,821.95 check deposited.

27. Plaintiff's Father Willie J. Jackson died December 30, 2023.

28. Defendant GenFed Financial Credit Union upon learning of plaintiff's Father Willie J. Jackson's death froze the financial account and the $42,821.95 funds apparently representing the policy proceeds due to plaintiff.

29. The Second Claim in this action is brought as a means to mitigate plaintiff's damages and seeks to have defendant GenFed Financial Credit Union deposit all funds it has frozen to the Clerk of this Court with a request that the Court determine to whom these funds belong (interplead the funds so that title to the funds may be established by the Court).

30. Plaintiff Willie Jackson, Jr. asserts that he is entitled to the $42,821.95 in money so deposited with defendant GenFed Financial Credit Union.

WHEREFORE Plaintiff Willie Jackson, Jr. seeks interpleader of funds by defendant GenFed Financial Credit Union; and Plaintiff Willie Jackson, Jr. seeks all relief available as an insured, including a judgment against Defendant Colonial Penn Life Insurance Company for an amount in compensatory damages in excess of $47,104.15, punitive damages in excess of $25,000.00, all attorney's fees and litigation costs, and for such other and further relief as this Court and/or Jury deems proper.

ROBERT J. GARGASZ CO., L.P.A.

By: _____

Robert J. Gargasz, Esq. (0007136)
Attorney for Willie Jackson, Jr.
1670 Cooper Foster Park Road
Lorain, OH 44053
(440) 960-1670
(440) 960-1754 Facsimile
Email: rjgargasz@gmail.com

7

**Jury Demand**

The Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors permitted by law.

ROBERT J. GARGASZ CO., L.P.A.

By: _Robert J. Gargasz, Esq. (0007136)_
Robert J. Gargasz, Esq. (0007136)
Attorney for Willie Jackson, Jr.

**TO THE CLERK:**

**REQUEST FOR SERVICE**

Please serve a copy of this Complaint with discovery as attached by delivery of the pleading and discovery by certified mail to:

Colonial Penn Life Insurance Company
Life Claims Dept.
P.O. Box 1918
Carmel, IN 46082-1918

Mark Hard dba MBH Resource Group
327 Hidden Hollow Rd.
Kansas, Oklahoma 74347

GenFed Financial Credit Union
5320 Oberlin Ave.
Lorain, OH 44053

*If certified mail is returned* to the post office marked "unclaimed" or "refused", *then please reissue service of summons* to the aforementioned Defendant listed above and its statutory agent *by ordinary mail* in accordance with Civil Rule 4.(C) or 4.6(D).

ROBERT J. GARGASZ CO., L.P.A.

By: _Robert J. Gargasz, Esq. (0007136)_
Robert J. Gargasz, Esq. (0007136)
Attorney for Willie Jackson, Jr.
1670 Cooper Foster Park Road
Lorain, OH 44053
(440) 960-1670
(440) 960-1754 Facsimile
Email: rjgargasz@gmail.com

8

IN THE COURT OF COMMON PLEAS, LORAIN COUNTY, OHIO

WILLIE JACKSON, JR.,               )
                                   )
          Plaintiff,               )      Case No. 24CV211735
                                   )
     v.                            )
                                   )
COLONIAL PENN LIFE    INSURANCE    )
COMPANY, et al.,                   )
                                   )
          Defendants.              )

## <u>APPEARANCE OF COUNSEL</u>

Steven K. Huffer, hereby enters his appearance on behalf of Defendant Colonial

Penn Life Insurance Company.

                                    Respectfully submitted,

                                    S.K. HUFFER & ASSOCIATES, P.C.

                                    By: _____
                                        Steven K. Huffer, Atty. No. 0038914
                                        9247 N. Meridian St., Ste. 340
                                        Indianapolis, IN  46260
                                        Telephone: (317) 564-4807
                                        Facsimile: (317) 564-4812
                                        steveh@hufferlaw.com

                                    Attorney for Defendant,
                                      Colonial Penn Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2024, I filed the foregoing document with the Clerk of the Court and served the foregoing document upon counsel of record via e-mail or United States First Class Mail, postage pre-paid, as follows:

Robert J. Gargasz, Esq.
ROBERT J. GARGASZ CO., L.P.A.
1670 Cooper Foster Park Rd.
Lorain, OH 44053
rjgargasz@gmail.com

Mark Hard
327 Hidden Hollow Rd.
Kansas, OK 74347

GENFED Financial Credit Union
5320 Oberlin Ave.
Lorain, OH 44053

_____
Steven K. Huffer

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

Willie Jackson, Jr.,                                    Case No.: _____

                    Plaintiff,                          Judge: _____
vs.

Colonial Penn Life Insurance Company etc., et al.,

                    Defendants.

---

### PLAINTIFF'S COMBINED INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff hereby propounds to Defendant **Colonial Penn Life Insurance Company**, (hereinafter "you"), the following combined Interrogatories, Requests for Admissions, and Requests for Production of Documents pursuant to Rules 33, 34, and 36 of the Ohio Rules of Civil Procedure, and requests that you respond within twenty-eight (28) days of service of same. Documents requested to be produced are to be produced at the offices of Robert J. Gargasz, Co., L.P.A., 1670 Cooper Foster Park Road, Lorain, OH 44053. Service of said responses should be within 30 days of service of the discovery to you with the complaint.

### DEFINITIONS AND INSTRUCTIONS

In responding, please provide all information available to you, however it was obtained, including hearsay, and all information in your actual or constructive possession or knowledge, or in the actual or constructive possession or knowledge of your attorneys, agents or representatives.

You are bound by the following duties in responding:

(a)    To conduct a reasonable investigation to respond.

(b)    To state objections in as specific a manner as possible.

(c)    To seasonably withdraw, amend, or supplement a response if you obtain subsequent information which tends to indicate that the response was or became inaccurate or incomplete.

(d)    If, after exercising due diligence to secure complete and full information, you are unable to provide a complete answer, (1) to provide an answer to the extent possible; (2) to set forth in detail the reason for your inability to complete the answer; (3) to state whatever information or knowledge you have concerning the portion which is unanswered; and (4) to specifically state what was done in an attempt to secure the unknown information.

3.     If you encounter any ambiguity in either a request or an instruction, so state, and set forth the matter deemed ambiguous, and the construction chosen in responding.

1

4.    The word document means any matter which is written, recorded, or graphic, including originals, copies of originals, and prior drafts, whether produced, reproduced, or stored in any manner including paper, film, tapes, belts, disks, computer devices or any other information storage system available to you.

5.    A request for a document, or which seeks information regarding the identification of, or information contained in a document, may be answered by providing a copy of the document.

6.    All answers must be made separately and fully, and an incomplete or evasive answer will be deemed a failure to answer.

**INTERROGATORY #1:**
Please identify yourself fully, giving your full name, age, residence address, business address and occupation.
**ANSWER:**

**INTERROGATORY #2:**
Did you issue life insurance policy FT31792527 on the life of Priscilla Davis?
**ANSWER:**

**INTERROGATORY #3:**
How did you learn of the death of Priscilla Davis?
**ANSWER:**

**INTERROGATORY #4:**
After diligent and reasonable inquiry, do have knowledge or to the knowledge of any agent, employee, or attorney of any defendant, has any statement in any form been obtained, secured, or received from any person regarding in any way the alleged claims as set forth in plaintiff's complaint?
**ANSWER:**

**INTERROGATORY #5:**
If the answer to the preceding interrogatory is in the affirmative, please state:
(a)    the name and address of the person, firm, or corporation on whose behalf or for whose benefit any such statement was obtained, secured, or received.
(b)    the name and address of the person from whom any such statement was obtained, secured, or received.
(c)    the date of any such statement; and
(d)    the name and address of the person, firm or corporation now having possession or custody of any such statement.
**ANSWER:**

**INTERROGATORY #6:**
What are the names and addresses of all persons known by you to have knowledge of any part of the subject matter of this lawsuit?
**ANSWER:**

**INTERROGATORY #7:**
What are the names and addresses of all witnesses you expect to call at trial of the subject matter and what facts, or opinions will that witness testify to?
**ANSWER:**

**INTERROGATORY #8:**
What are the names and addresses of all expert witnesses with whom you have consulted in this matter and the subject matter on which the consultation was had?
**ANSWER:**

2

**INTERROGATORY #9:**
What are the names and addresses of all expert witnesses you expect to call as an expert witness at trial or arbitration and the subject matter on which the expert is expected to testify?
**ANSWER:**

**INTERROGATORY #10:**
What are the names and addresses for each employee, agent, contractor, adjuster, customer service representative, or agent of Colonial Penn Life Insurance Company that in any way had any contact with plaintiff or who in any way worked on life insurance policy FT31792527 on the life of Priscilla Davis?
**ANSWER:**

**INTERROGATORY #11:**
As to each adjuster or agent identified in Answer to #10; What documents exist, or do you (the Colonial Penn Life Insurance Company) have in your possession concerning the claim of plaintiff beneficiary?
Please produce, list, and describe each document, paper, photograph, or other exhibit in your possession.
**ANSWER:**

**INTERROGATORY #12:**
What Exhibits do you intend to use at the trial of this matter? Please state and identify each exhibit you intend to use at the trial of this lawsuit.
**ANSWER:**

**INTERROGATORY #13:**
Identify the location of all files of Colonial Penn Life Insurance Company concerning the policy and proceeds from life insurance policy FT31792527 on the life of Priscilla Davis, and include the name and address of all individuals who have reviewed these files in whole or in part?
**ANSWER:**

**INTERROGATORY #14:**
Will you agree that Colonial Penn Life Insurance Company's conduct depositing insurance proceeds to the custody of the Ohio Department of Commerce, Division of Unclaimed Funds without conducting a reasonable investigation for the whereabouts of a beneficiary was improper and wrong?
**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS FOR INSPECTION

**REQUEST FOR PRODUCTION OF DOCUMENTS #1:**
Produce a copy of each exhibit which you intend to introduce into evidence or use in any way in the trial of this matter.
**RESPONSE:**

**REQUEST FOR PRODUCTION OF DOCUMENTS #2:**
Produce a copy of each claims file, letter, report, exhibit, drawing, picture, audiotape, photograph, model, video, or film that you intend to use at the trial in this matter.
**RESPONSE:**

**REQUEST FOR PRODUCTION OF DOCUMENTS #3:**
Produce all written reports from any expert witnesses specifically employed by you in any capacity, whether said expert is expected to testify or not, which in any way concern this case or which state the subject matter on which the expert is expected to testify.
**RESPONSE:**

3

**REQUEST FOR PRODUCTION OF DOCUMENTS #4:**

Produce a copy of each employee, agent, contractor, adjuster, customer service representative, or agent's file, working papers, pictures, video, notes, estimates, worksheets, reports, gathered information in his/her work for the Colonial Penn Life Insurance Company on the policy and proceeds from life insurance policy FT31792527 on the life of Priscilla Davis.

**RESPONSE:**

**REQUEST FOR PRODUCTION OF DOCUMENTS #5:**

Produce a copy of any statement, written or otherwise recorded, taken from any witness regarding the litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION OF DOCUMENTS #6:**

Produce a true copy of the life insurance policy FT31792527 on the life of Priscilla Davis.

**RESPONSE:**

**REQUEST FOR PRODUCTION OF DOCUMENTS #7:**

Produce a true copy of Colonial Penn Life Insurance Company's file representing all interactions it has had with anyone concerning the life insurance policy FT31792527 on the life of Priscilla Davis, its, creation, administration, and benefits calculation, including all communications, and attempted communications with any owner, beneficiary, or another concerning the policy or its proceeds.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION #1**

Admit that defendants Colonial Penn Life Insurance Company failed to act in good faith while investigating, administering life insurance policy FT31792527 on the life of Priscilla Davis, and including all communications, and attempted communications with any owner, beneficiary, or another concerning the policy or its proceeds subsequent to its learning of the death of Priscilla Davis.

Response:

**REQUEST FOR ADMISSION #2**

Admit that defendant Colonial Penn Life Insurance Company after it learned of the death of Priscilla Davis had a duty to act in good faith in the handling and payment of the life insurance proceeds to a beneficiary of the life insurance policy.

Response:

**REQUEST FOR ADMISSION #3**

Admit that defendant Colonial Penn Life Insurance Company, after it learned of the death of Priscilla Davis, failed to act in good faith in the handling of the beneficiaries proceeds where it has acted without reasonable justification in refusing to make timely communications and payment to each beneficiary of life insurance policy FT31792527 on the life of Priscilla Davis.

Response:

**REQUEST FOR ADMISSION #4**

Admit that there can be no reasonable justification for the Colonial Penn Life Insurance Company for the failure of the insurer, its agents, and employees to make timely communications to each beneficiary of life insurance policy FT31792527 on the life of Priscilla Davis.

Response:

**REQUEST FOR ADMISSION #5**

Admit that defendant Colonial Penn Life Insurance Company breached its insurance contract and failed to act in good faith when it, after learning of the death of Priscilla Davis, failed to make timely communications to each beneficiary of life insurance policy FT31792527 on the life of Priscilla Davis.

Response:

4

REQUEST FOR ADMISSION #6

Admit that if defendant Colonial Penn Life Insurance Company is found to have failed to act in good faith during the manner of its investigation, communications to owners or beneficiaries of life insurance policy FT31792527, subsequent to its learning of the death of Priscilla Davis, then the defendant Colonial Penn Life Insurance Company is liable for any damages that the bad faith conduct has proximately caused plaintiff beneficiary to sustain.
Response:

**INTERROGATORY #15:**

If your answer to any of the preceding Requests for Admission Nos 1, 2, 3, 4, 5, or 6. is in the form of a denial, then describe in detail the factual basis for such a response.
**ANSWER:**

ROBERT J. GARGASZ CO., L.P.A.

By: _____

Robert J. Gargasz, Esq. (0007136)
Attorney for Willie Jackson, Jr.
1670 Cooper Foster Park Road
Lorain, OH 44053
(440) 960-1670
(440) 960-1754 Facsimile
Email: rjgargasz@gmail.com

## Proof of Service

A true copy of the PLAINTIFF'S COMBINED INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS, has been served with the complaint as was filed in this matter and upon the following by regular U.S. Mail this 5 day of March h ____, 2024:

Colonial Penn Life Insurance Company
Life Claims Dept.
P.O. Box 1918
Carmel, IN 46082-1918

Mark Hard dba MBH Resource Group
327 Hidden Hollow Rd.
Kansas, Oklahoma 74347

GenFed Financial Credit Union
5320 Oberlin Ave.
Lorain, OH 44053

ROBERT J. GARGASZ CO., L.P.A.

By: _____

Robert J. Gargasz, Esq. (0007136)
Attorney for Willie Jackson, Jr.
1670 Cooper Foster Park Road
Lorain, OH 44053
(440) 960-1670
(440) 960-1754 Facsimile
Email: rjgargasz@gmail.com

5

**TO THE CLERK:**

PLEASE SERVE A COPY OF THESE <u>PLAINTIFF'S COMBINED INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS</u> with the complaint upon defendant.

ROBERT J. GARGASZ CO., L.P.A.

By: _____

Robert J. Gargasz, Esq./ (0007136)
Attorney for Willie Jackson, Jr.
1670 Cooper Foster Park Road
Lorain, OH 44053
(440) 960-1670
(440) 960-1754 Facsimile
Email: rjgargasz@gmail.com

STATE OF OHIO          SS          **VERIFICATION**
COUNTY OF _____

_____, individually    and    as    an    authorized    agent    of
the_____, being first duly sworn, deposes and says that he/she has read the foregoing Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions and First Set of Requests for the Production of Documents and Tangible Things for Inspection and Copying and that the answers provided are true and complete to the best of his/her knowledge, information and belief.

_____
Authorized Agent

Sworn to before me and subscribed in my presence this _____ day of _____, 2024.

_____
Notary Public

6

IN THE COURT OF COMMON PLEAS, LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| WILLIE JACKSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24CV211735 |
| | ) | |
| v. | ) | |
| | ) | |
| COLONIAL PENN LIFE INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### COLONIAL PENN LIFE INSURANCE COMPANY'S RESPONSES TO REQUESTS FOR ADMISSIONS

Comes now Defendant, COLONIAL PENN LIFE INSURANCE COMPANY ("Colonial Penn"), by counsel, and for its Responses to Plaintiff's Request for Admissions, states:

### PRELIMINARY STATEMENT

These responses are made on the basis of information presently available to Colonial Penn upon reasonable investigation. Because discovery is incomplete, there may be further facts and/or documents affecting Colonial Penn's responses, of which it is presently unaware despite reasonable investigation and inquiry. Colonial Penn reserves the right to modify its responses with such relevant information as it may subsequently discover. Colonial Penn's responses are made without prejudice to it using or relying on at trial subsequently discovered information or documents omitted from these responses as a result of a good faith oversight, error or mistake.

Colonial Penn is continuing its investigation of all of the facts relating to these requests. Colonial Penn's responses to the Plaintiff's requests are based upon the information currently available to it after a diligent inquiry and such responses should not be construed to necessarily reflect all facts or documents that relate to such requests.

These responses therefore should not be deemed and do not constitute a waiver of Colonial Penn's right to rely on additional or different facts or information at trial.

The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives and attorneys, unless privileged. The word usage and the sentence structure are that of the attorneys who, in fact, prepared these responses and said language does not purport to be exact language of the executing party.

Colonial Penn reserves the right to amend or supplement these responses.

## GENERAL OBJECTIONS

A.      Colonial Penn objects to any of the definitions, instructions, or requests which, due to their broad scope, may call for discovery-exempt information. Unless otherwise noted, all responses exclude attorney work product, trial preparation material, post-litigation documents or activities, and any other material exempt under Ohio law.

B.      Colonial Penn objects to any of the definitions, instructions, or requests which attempt to impose duties beyond those set forth within the Ohio Rules of Civil Procedure.

C.      Colonial Penn objects to these requests where they seek responses where they contain no temporal limitation whatsoever. These requests are overly broad, unduly burdensome and seek information that is not relevant or likely to lead to the discovery of admissible evidence because they are not reasonably limited in time and scope. Requests seeking responses with no temporal limitation are irrelevant and not likely to lead to the discovery of admissible evidence. Colonial Penn, through counsel, is willing to meet and confer with Plaintiff's counsel with respect to these various requests if he is dissatisfied

with the temporal limitation in an effort to reach agreement as to the appropriate time frame for each of these requests where there is a reasonable basis for expanding the temporal scope when weighed against the burdensomeness of providing the information.

D.     Colonial Penn objects generally to these requests on the grounds and to the extent which they require it to provide a lengthy explanation which can be explored through deposition.

## REQUEST FOR ADMISSIONS

REQUEST NO. 1.     Admit that Defendants (*sic*) Colonial Penn Life Insurance Company failed to act in good faith while investigating, administering life insurance policy FT31792527 on the life of Priscilla Davis, and including all communications, and attempted communications with any owner, beneficiary, or another concerning the policy or its proceeds subsequent to its learning of the death of Priscilla Davis.

**RESPONSE:**          Denied


REQUEST NO. 2.     Admit that defendant Colonial Penn Life Insurance Company (*sic*) after it learned of the death of Priscilla Davis had a duty to act in good faith in the handling and payment of the life insurance proceeds to a beneficiary of the life insurance policy.

**RESPONSE:**          Denied.


REQUEST NO. 3.     Admit that defendant Colonial Penn Life Insurance Company, after it learned of the death of Priscilla Davis, failed to act in good faith in the handling of the beneficiaries proceeds where it has acted without reasonable justification

in refusing to make timely communications and payment to each beneficiary of life insurance policy FT31792527 on the life of Priscilla Davis.

**RESPONSE:**          Denied.

REQUEST NO. 4.          Admit that there can be no reasonable justification for the Colonial Penn Life Insurance Company for the failure of the insurer, its agents, and employees to make timely communications to each beneficiary of life insurance policy FT31792527 on the life of Priscilla Davis.

**RESPONSE:**          Denied.

REQUEST NO. 5.          Admit that the defendant Colonial Penn Life Insurance Company breached its insurance contract and failed to act in good faith when it, after learning of the death of Priscilla Davis, failed to make timely communications to each beneficiary of life insurance policy FT31792527 on the life of Priscilla Davis.

**RESPONSE:**          Denied.

REQUEST NO. 6.          Admit that if the defendant Colonial Penn Life Insurance Company is found to have failed to act in good faith during the manner of its investigation, communications to owners or beneficiaries of life insurance policy FT3179527, subsequent to its learning of the death of Priscilla Davis, then the defendant Colonial Penn Life Insurance Company is liable for any damage that the bad faith conduct has proximately caused plaintiff beneficiary to sustain.

**RESPONSE:**          Denied.

Dated this ~~8th~~ 4th day of April, 2024.

Respectfully submitted,

S.K. HUFFER & ASSOCIATES, P.C.

By: /s/ Steven K. Huffer

Steven K. Huffer, Atty. No. 0038914
9247 N. Meridian St., Ste. 140
Indianapolis, IN  46260
Telephone: (317) 564-4807
Facsimile: (317) 564-4812
steveh@hufferlaw.com

Attorney for Defendant,
Colonial Penn Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2024, I served the foregoing document upon counsel of record via e-mail or United States First Class mail, postage pre-paid, as follows:

Robert J. Gargasz, Esq.
ROBERT J. GARGASZ CO., L.P.A.
1670 Cooper Foster Park Rd.
Lorain, OH 44053
rjgargasz@gmail.com

Mark Hard
327 Hidden Hollow Rd.
Kansas, OK 74347

GENFED Financial Credit Union
5320 Oberlin Ave.
Lorain, OH 44053

/s/ Steven K. Huffer

Steven K. Huffer